## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

Saad Moussa


      v.                                   Civil No. 10-cv-31-SM

Richard Gerry, Warden,
New Hampshire State Prison


### O R D E R

Saad Moussa has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that his conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel (document no. 1). The matter is before me for preliminary review to determine whether or not the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate Judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

### Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes all of the

factual assertions in the pro se pleadings liberally, however
inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94
(2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97,
106 (1976), to construe pro se pleadings liberally in favor of
the pro se party).  "The policy behind affording pro se
plaintiffs liberal interpretation is that if they present
sufficient facts, the court may intuit the correct cause of
action, even if it was imperfectly pled."  Ahmed v. Rosenblatt,
118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United
States, 540 U.S. 375, 381 (2003) (courts may construe pro se
pleadings to avoid inappropriately stringent rules and
unnecessary dismissals).  This review ensures that pro se
pleadings are given fair and meaningful consideration.

    To determine if a pro se complaint states any claim upon
which relief could be granted, the Court must consider whether
the complaint, construed liberally, Erickson, 551 U.S. at 94,
"contain[s] sufficient factual matter, accepted as true, to
'state a claim to relief that is plausible on its face.'"
Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949
(2009) (citation omitted).  "A claim has facial plausibility when
the plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for
the misconduct alleged."  Id.  Inferences reasonably drawn from

the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'"  Id. (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950 (citation omitted).

<u>Background</u>

Saad Moussa was convicted, after a jury trial, of felony stalking on August 30, 2005.  On December 19, 2005, he was sentenced to 3 ½ - 7 years in prison.  Moussa's petition and other filings indicate that his felony stalking charge may have been reduced to a misdemeanor, and his sentence decreased to one year accordingly.

Moussa was charged with harassing his wife by telephone on a certain date from a particular telephone number.  Moussa claims his attorney was in possession of phone records indicating that no call was made from that telephone number on the date his wife claimed to have received the harassing call.  Moussa asserts that his attorney did not introduce the exculpatory phone records at trial.

Moussa appealed his conviction to the New Hampshire Supreme Court ("NHSC").  Moussa's appellate attorney declined to brief

3

the issue of his trial attorney's failure to introduce the
exculpatory telephone records.  Moussa lost his appeal by
unpublished opinion on October 6, 2008.

Moussa filed a motion for a new trial while his direct
appeal was pending.  The motion for a new trial was denied
without a hearing on January 8, 2007.  Moussa filed a pro se
notice of appeal after his motion for a new trial was denied.
The NHSC declined that appeal on July 29, 2009.

### The Claims[1]

Moussa's petition raises the following claims for relief:

1.   Moussa's Sixth Amendment right to the effective
assistance of counsel was violated when his attorney failed to
introduce available exculpatory evidence at his trial.

2.   Moussa's Sixth Amendment right to the effective
assistance of counsel was violated when his appellate attorney
failed to brief the issue of his trial counsel's ineffectiveness
in failing to utilize available exculpatory evidence at trial.

### Discussion

I.   Custody

To petition a federal court for habeas corpus relief from a

---

[1]The claims, as identified here, will be considered to be
the claims raised in the petition for all purposes.  If Moussa
disagrees with the claims as identified, he must do so by
properly moving to amend his petition.

state court judgment, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States." <u>See Garlotte v. Fordice</u>, 515 U.S. 39, 40 (1995) (citing 28 U.S.C. § 2254(a)); <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989). The "in custody" requirement is jurisdictional. <u>See Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968). Accordingly, to seek habeas relief under § 2254, Moussa must allege both that his state conviction or sentence violates some right accorded to him under federal law, and that he is in custody pursuant to that state conviction or sentence. <u>See Maleng</u>, 490 U.S. at 491. Whether or not a petitioner is "in custody" for purposes of the federal habeas statute is determined by the petitioner's status at the time the petition is filed. <u>See id.</u> While actual incarceration is not always necessary to demonstrate that a petitioner is "in custody," a petitioner must demonstrate that he is under "restraints not shared by the public generally, . . . there must be some type of continuing governmental supervision over the person." <u>Tinder</u>, 725 F.2d at 803 (citing <u>Cunningham</u>, 371 U.S. at 241-43 (parolee is in custody); <u>Helm v. Jago</u>, 588 F.2d 1180, 1181 (6th Cir. 1979) (probationer is in custody); and <u>United States v. Hopkins</u>, 517 F.2d 420, 423-24 (3d Cir. 1975) (person serving suspended sentence is in custody)).

Moussa alleges that he is challenging a conviction that he

states originally gave rise to a 3 ½ - 7 year sentence, but that sentence was later reduced to one year.  Moussa is presently in prison serving at least one state prison sentence.  It is not apparent from the record before the Court at this time, however, whether or not Moussa is "in custody" for purposes of this petition, or whether his stalking sentence was reduced to one year and has been entirely completed.  Moussa does not reference any other aspect to his sentence aside from incarceration, so I cannot determine whether, even if his incarceration for the relevant stalking charge has been completed, whether any other portion of his sentence would allow a finding that Moussa is in custody pursuant to his stalking conviction sufficient to satisfy the requirement of § 2254(a).  Accordingly, in this Order, I will direct Moussa to amend his petition to demonstrate that he is "in custody," as required by the habeas statute, for the stalking conviction challenged here.


II.  Exhaustion

To be eligible for habeas relief, Moussa must show that, for all of the claims raised here, he has either exhausted all of his state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  See 28 U.S.C. § 2254(a) & (b); see also

Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (explaining
exhaustion principle).  "A habeas petitioner in state custody may
not advance his or her constitutional claims in a federal forum
unless and until the substance of those claims has been fairly
presented to the state's highest court."  Barresi v. Maloney, 296
F.3d 48, 51 (1st Cir. 2002).  A petitioner's remedies in New
Hampshire are exhausted when the New Hampshire Supreme Court has
had an opportunity to rule on the claims.  See Lanigan v.
Maloney, 853 F.2d 40, 42 (1st Cir. 1988).

     "In order to exhaust a claim, the petitioner must 'present
the federal claim fairly and recognizably' to the state courts,
meaning that he 'must show that he tendered his federal claim in
such a way as to make it probable that a reasonable jurist would
have been alerted to the existence of the federal question.'"
Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal
quotations and citation omitted); Picard v. Connor, 404 U.S. 270,
277-78 (1971) (to satisfy exhaustion requirement petitioner must
have fairly presented the substance of his federal claim to the
state courts).  The purpose of a "fair presentation" requirement
is to "provide the state courts with a 'fair opportunity' to
apply controlling legal principles to the facts bearing upon his
constitutional claim.'"  Anderson v. Harless, 459 U.S. 4, 6
(1982) (quoting Picard, 404 U.S. at 276-77).  A habeas petitioner

may fairly present a claim by doing any of the following: "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'" Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted), cert. denied, ___ U.S. ___, 129 S. Ct. 2064 (2009).

In some circumstances, a petitioner can prove that he has exhausted a federal issue by showing that he cited state court decisions that rely on federal law, or he articulated a state claim that is indistinguishable from one arising under federal law. See Nadworny v. Fair, 872 F.3d 1093, 1099-1102 (1st Cir. 1989). The petitioner has the burden of demonstrating that the state and federal claims are so similar that asserting only the state claim probably alerted the state court to the federal aspect of the claim. See id. at 1100.

A. Claim 1 - Ineffective Assistance of Trial Counsel

Moussa has asserted that he has litigated the issue of his trial counsel's ineffectiveness in the state courts, including the NHSC, although he does not indicate specifically whether he raised a federal claim, a state claim, or both. The State and federal constitutional standards for evaluating an ineffective

8

assistance of counsel claim are identical.  See State v. Roy, 148
N.H. 662, 664 (2002) (standard for evaluating ineffective
assistance of counsel claim is identical under state and federal
constitutions).  Therefore, Moussa's exhaustion of any
ineffective assistance of counsel claim in the NHSC was
sufficient to exhaust his remedies on the claim of a Sixth
Amendment violation by his trial attorney.  Accordingly, I find
that this claim has been exhausted.

     B.   Claim 2 - Ineffective Assistance of Appellate Counsel

     Moussa's pleadings neither demonstrate nor eliminate the
possibility that he has also presented the issue of his appellate
counsel's effectiveness to the NHSC.  Because the petition does
not affirmatively demonstrate exhaustion of Moussa's claim
regarding the effectiveness of his appellate counsel, I will give
him the opportunity to demonstrate that he has exhausted that
claim in the state courts.  If Moussa has not, in fact, exhausted
his appellate counsel claim, he must notify this Court as to
whether he intends to return to the state courts to exhaust that
claim, and, if so, to request that this matter be stayed pending
exhaustion.  Moussa should note that claims that are not raised
first in the state Superior Court in accordance with established
state procedures and state law, might not be entertained by the
NHSC, as that Court does not routinely exercise original

jurisdiction over disputes that can be resolved in the state Superior Courts.  <u>See</u> N.H. Sup. Ct. Rule 11(1).[2]  <u>See</u> <u>Smith v. Texas</u>, 550 U.S. 297, 313 (2007) ("As a general matter . . . when a state court denies relief because a party failed to comply with a regularly applied and well-established state procedural rule, a federal court will not consider that issue on habeas review.").

If Moussa does return to the state courts to exhaust his appellate counsel claim, he must return to this Court, after the claim is fully exhausted, and file a request to reopen his petition.  At that time, Moussa will also need to file an amended petition demonstrating exhaustion of the appointed counsel claim.

If the appellate counsel claim is not exhausted, and Moussa does not wish to exhaust it, he can opt, in writing, to forego that claim.  If Moussa chooses to forego his unexhausted claim,

_____

[2]N.H. Sup. Ct. Rule 11(1) states in pertinent part:

> Petitions requesting [the NHSC] to exercise its original jurisdiction shall be granted only when there are special and important reasons for doing so. The following, while neither controlling nor fully measuring the court's discretion, indicate the character of the reasons that will be considered: When a trial court or administrative agency has decided a question of substance not theretofore determined by this court; or has decided it in a way probably not in accord with applicable decisions of this court; or has so far departed from the accepted or usual course of judicial or administrative agency proceedings as to call for an exercise of this court's power of supervision.

he should be advised that he will likely be unable to raise that
claim in a future habeas action, due to the prohibition against
second or successive habeas petitions found in 28 U.S.C. § 2244.

### Motion for Appointed Counsel (document no. 3)

Moussa has requested that this Court appoint him counsel,
citing his lack of familiarity with the English language and his
mental health issues as reasons he is not able to litigate this
matter pro se.  There is no absolute constitutional right to free
legal representation in a civil case.  Bemis v. Kelley, 857 F.2d
14, 15 (1st Cir. 1988).  Rather, appointment of counsel in a
civil case is left to the discretion of the court.  See 28 U.S.C.
§ 1915(d); 42 U.S.C. § 3613(b).  An indigent litigant must
demonstrate that exceptional circumstances exist to justify
appointment of counsel, such that without counsel the litigant
most likely would be unable to obtain due process of the law.
DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v.
Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam).  In the
case at hand, Moussa has not, at this time, established that
circumstances exist which warrant a finding that he would be
denied due process if counsel is not appointed.  Accordingly,
Moussa's motion for a court-appointed attorney (document no. 3)
is denied without prejudice to refiling in the future should
circumstances warrant.

<u>Conclusion</u>

Moussa is directed that within thirty days, he must:

1.    Amend his petition to allege facts that affirmatively demonstrate that he is presently in custody for the stalking conviction challenged here.

2.    If his appellate counsel claim, Claim #2, is exhausted, Moussa must, within thirty days of the date of this order, file an amended petition, demonstrating exhaustion of that claim.  To so demonstrate, Moussa should provide this Court with copies of all of the documents that he has presented to the New Hampshire Supreme Court documenting his presentation of the federal nature of his claims to that Court.

3.    If Moussa has not yet exhausted his appellate counsel claim, Claim #2, in the state courts, and wishes to do so, he must file a motion to stay this petition indicating that he intends to return to the state courts to exhaust the claims he has presented here.  Moussa must then return to the state courts to exhaust his claims by: (a) filing his state court action within thirty days of the date of this Order; and (b) notifying this Court, in writing, of the status of his state court proceedings every ninety days during the stay of this matter.

4.    Once the New Hampshire Supreme Court has issued a final decision, Moussa must notify this Court of that decision within

thirty days of the date the decision is issued, providing this Court, at that time, with complete copies of documents filed in the state courts demonstrating that the claim has been raised and exhausted.

5.    If Moussa's appellate counsel claim is not exhausted, and he does not wish to exhaust it in the state courts, he must notify this Court in writing, within thirty days of the date of this Order, that he wishes to forego his unexhausted claim.  At that time, the petition, containing only the exhausted claim alleging the ineffective assistance of trial counsel, will be promptly served on Respondent.

6.    Should Moussa fail to file a state court action to exhaust his unexhausted claim or forego that claim, fail to amend his petition to demonstrate custody and exhaustion as directed, or otherwise fail to comply with this Order, the petition may be dismissed for failure to demonstrate exhaustion.  <u>See</u> 28 U.S.C. § 2254(b).

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge


Date:      April 16, 2010

cc:      Saad Moussa, pro se

JM:jba