UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Saad Moussa

    v.                                      Civil No. 10-cv-31-SM

Richard Gerry, Warden,
New Hampshire State Prison

**REPORT AND RECOMMENDATION**

    Saad Moussa filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that his conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel (document no. 1). The matter initially came before me for preliminary review to determine whether or not the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts; United States District Court District of New Hampshire Local Rule 4.3(d)(2) (authorizing Magistrate Judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A). On April 16, 2010, I issued an Order (document no. 6) directing Moussa to amend his petition to demonstrate that he is "in custody" as required by 28 U.S.C. § 2254(a) and that the claims raised in his petition have been

exhausted in the state courts. In that Order, I also denied, without prejudice, Moussa's request for court-appointed counsel.

Moussa has now filed a motion seeking reconsideration of my denial of his motion to appoint counsel (document no. 8). That motion also contains documents which, construed as an addenda to the complaint, satisfy this Court's order to amend the petition in this matter. As explained fully herein, I now recommend that the petition be dismissed as Moussa is not "in custody" as required by § 2254(a), for purposes of invoking this Court's subject matter jurisdiction to consider this habeas petition. I further recommend that the motion to reconsider my previous denial of court-appointed counsel be denied as moot.

## Background

Saad Moussa was convicted, after a jury trial, of felony stalking on August 30, 2005. On December 19, 2005, he was sentenced to 3 ½ - 7 years in prison. The felony stalking charge was later reduced to a misdemeanor conviction. Moussa was resentenced on October 6, 2008 to twelve months incarceration. Moussa was credited with 365 days of time served pretrial to be counted toward that sentence. Except for a general order that Moussa must "be of good behavior," there were no other terms or

conditions in the sentence.  Accordingly, as of October 6, 2008, Moussa was not incarcerated and not subject to future incarceration as a result of his August 30, 2005 stalking conviction, the conviction challenged here.

## Discussion

To petition a federal court for habeas corpus relief from a state court judgment, the applicant must be "in custody in violation of the Constitution or laws or treaties of the United States."  See Garlotte v. Fordice, 515 U.S. 39, 40 (1995) (citing 28 U.S.C. § 2254(a)); Maleng v. Cook, 490 U.S. 488, 490-91 (1989).  The "in custody" requirement is jurisdictional.  See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  Accordingly, to seek habeas relief under § 2254, Moussa must allege that he is in custody pursuant to the state conviction or sentence that he alleges violates the law.  See Maleng, 490 U.S. at 491.  Whether or not a petitioner is "in custody" for purposes of the federal habeas statute is determined by the petitioner's status at the time the petition is filed.  See id.  While actual incarceration is not always necessary to demonstrate that a petitioner is "in custody," a petitioner must demonstrate that he is under "restraints not shared by the public generally, . . . there must

be some type of continuing governmental supervision over the person." Tinder, 725 F.2d at 803 (citing Cunningham, 371 U.S. at 241-43 (parolee is in custody); Helm v. Jago, 588 F.2d 1180, 1181 (6th Cir. 1979) (probationer is in custody); and United States v. Hopkins, 517 F.2d 420, 423-24 (3d Cir. 1975) (person serving suspended sentence is in custody)).

Moussa here challenges a 2005 conviction. Moussa ceased to be in custody or under any restraint of liberty or governmental supervision pursuant to that conviction on October 6, 2008. Moussa's petition here was filed on January 28, 2010, more than fifteen months later. Moussa is not subject to any future restraint on his liberty as a result of the challenged conviction. Accordingly, Moussa is not now, and was not at the time of filing this action, "in custody" as required to obtain the habeas jurisdiction of this Court. See 28 U.S.C. § 2254(a); Carafas, 391 U.S. at 238.

### Conclusion

I recommend that this petition be dismissed as this Court lacks jurisdiction over the matter and that the motion to reconsider the denial of court-appointed counsel (document no. 8) be denied as moot. Any objections to this Report and

Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See <u>Unauth. Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                            _____
                                            James R. Muirhead
                                            United States Magistrate Judge

Date:    May 25, 2010

cc:      Saad Y. Moussa, *pro se*


JM:jba